IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

OLASUMBO TAIWO,

Plaintiff,

v.

QUALITY PLACEMENT AUTHORITY, an Illinois Corporation,

Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff OLASUMBO TAIWO ("Plaintiff"), through undersigned counsel, complains as follows:

**PARTIES**

1. Plaintiff is an individual, a citizen of Colorado who resides in the Denver, Colorado. Plaintiff brings this case under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") and the Colorado Wage Act.

2. Defendant Quality Placement Authority ("Defendant") is a corporation headquartered in Chicago, State of Illinois. Defendant, at all relevant times pertinent to this complaint, conducted business within the State of Colorado.

**JURISDICTION AND VENUE**

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for

1

the claim brought under the FLSA.

4. This Court has supplemental jurisdiction for the claim asserted under Colorado state law in that the claim is part of the same case and controversy as the FLSA claim, the state and federal claims derive from a common nucleus of operative facts, the state claim will not substantially predominate over the FLSA claim and exercising supplemental jurisdiction would be in the interest of judicial economy, convenience, fairness, and comity.

5. The court has supplemental jurisdiction over all additional causes of action.

6. The United States District Court for the District of Colorado has personal jurisdiction over Defendant because Defendant has substantial contacts with this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) insomuch as Defendant conducts or conducted business in the District of Colorado, and the causes of action set forth herein have arisen and occurred in part in the District of Colorado.

**GENERAL ALLEGATIONS**

8. The following allegations are based on the personal knowledge as to Plaintiff's own conduct.

9. Defendant is a full-service Staffing and Recruiting firm with nationwide service capabilities in Behavioral/Mental Health, Finance/Accounting, Human Resources, Office/Administrative, and Healthcare. *See* https://qpauthority.com/.

10. Defendant recruits qualified medical professionals and other individuals and places them with facilities that need their services.

11. Plaintiff was hired as a Registered Nurse (RN) on or about July 23, 2018 by Defendant.

12. Plaintiff was hired to perform RN services at the Colorado Department of Veterans Affairs – Fitzsimmons Veterans Living Center, Aurora, Colorado.

13. At the beginning of her employment, Plaintiff was paid $38.00/hour on weekdays worked and $40.00/hour during weekends worked.

14. Plaintiff's pay was subsequently increased to $40/hour on weekdays and $42/hour during weekends Plaintiff worked.

15. Upon information and belief, Defendant had a procedure whereby employees filled out a timesheet upon completion of an assignment, the timesheet was initialed and or signed by a supervisor and then submitted through an electronic means, email, by the employee to the Defendant.

16. For "timely processing," meaning to be paid the following Friday for work done the previous week, timesheets were to be received by Defendant by 9:00 A.M. on Monday of the payment week.

17. An employee could always submit their timesheets later than the "timely processing" period and would still be paid, albeit delayed.

18. For the relevant period March 5, 2019 through June 30, 2019 - Plaintiff worked a total of 221 hours amounting to about $9,300.00 for which she was not paid.

19. While Plaintiff did not submit some of her timesheets for "timely processing," Plaintiff nevertheless submitted those timesheets multiple times to the Defendant via their regular modes of transmission, email, in reasonable time.

20. Defendant refused to pay Plaintiff for the times submitted on her timesheets in violation of Defendant's own procedure and FLSA.

21. Defendant has failed to pay Plaintiff's wages earned notwithstanding receipt of

Plaintiff's timesheets within reasonable time.

22. Every effort, including multiple telephone calls to Defendant by Plaintiff to get paid for work properly performed and timesheets submitted, has failed.

23. Plaintiff has not received any payment for the multiple weeks of work she performed for Defendant.

24. Defendant's illegal wage and hour practices violate the FLSA and the Colorado Wage Act.

25. Further, Defendant's violation of the FLSA and the Colorado Wage Act is willful.

### FIRST CLAIM FOR RELIEF
**(Violation of the FLSA for Failure to Pay Wages)**

26. Plaintiff brings the First Claim for Relief (violation of the FLSA) pursuant to 29 U.S.C. §§ 207 and 216(b) seeking to recover all unpaid wages and overtime compensation.

27. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

28. Defendant failed to pay Plaintiff any wage for a significant portion of work that Plaintiff performed as an employee of Defendant.

29. Defendant failed to pay Plaintiff one and a half times for each hour over 40 hours per week that Plaintiff worked for Quality Placement Authority.

30. Plaintiff was an "employee" of Quality Placement Authority as that term is defined by 29 U.S.C. § 203.

31. Quality Placement Authority is engaged in commerce pursuant to 29 U.S.C. § 203 because it is engaged in projects among the several States.

32. Quality Placement Authority's failure to pay wages and overtime to Plaintiff is in

4

violation of 29 U.S.C. § 206.

33. Plaintiff is entitled to unpaid minimum wages and overtime, statutory liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216.

34. As the employer, Defendant Quality Placement Authority is liable for these damages.

## SECOND CLAIM FOR RELIEF
**(Colorado Wage Act, C.R.S. 8-4-101, et seq., C.R.S. 8-6-118)**

35. Plaintiff incorporates by reference preceding paragraphs of this Complaint.

36. Quality Placement Authority willfully failed to pay Plaintiff any wage for a significant portion of work that Plaintiff performed as an employee of Quality Placement Authority.

37. Plaintiff was an "employee" of Quality Placement Authority as that term is defined by C.R.S. 8-4-101.

38. By submitting time sheets showing the number of hours worked, Plaintiff demanded that Quality Placement Authority pay wages and compensation earned by Plaintiff.

39. Plaintiff also verbally demanded that Quality Placement Authority pay the wages and compensation earned by Plaintiff.

40. Quality Placement Authority's failure to pay to Plaintiff wages earned by Plaintiff is in violation of C.R.S. 8-4-103, C.R.S. 8-4-109, and C.R.S. 8-6-118.

41. Plaintiff is entitled to unpaid minimum wages and overtime, statutory damages, attorney's fees, and costs.

42. As employer, Defendant Quality Placement Authority is liable for these damages.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

43. Plaintiff incorporates by reference preceding paragraphs of this Complaint.

44. Defendant entered an employment contract with Plaintiff, whereby Defendant agreed to pay Plaintiff at least the prevailing wage for her work, plus overtime payments.

45. Defendant failed to pay Plaintiff for a significant portion of her work, failed to pay overtime.

46. Plaintiff complied with her part of the contract by performing work for Quality Placement Authority.

47. Plaintiff is entitled to recover those wages that were promised but not paid.

## FOURTH CLAIM FOR RELIEF
### (Quantum Meruit)

48. Plaintiff incorporates by reference preceding paragraphs of this Complaint.

49. Plaintiff rendered services in good faith which benefited Defendant.

50. Defendant accepted Plaintiff's services.

51. Plaintiff reasonably expected to be compensated for the services rendered to Defendant.

52. Equity demands that Plaintiff be compensated for the reasonable value of the services rendered to Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that the Court enter an Order:

(1) Granting judgment in favor of Plaintiff and against Defendant;

(2) Awarding Plaintiff her damages in contract;

(3) Awarding Plaintiff her unpaid minimum wages pursuant to state and federal law;

(4) Awarding Plaintiff her unpaid overtime;

(5) Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §§ 201 et seq.;

(6) Awarding Plaintiff damages for unpaid wages pursuant to C.R.S. 8-4-101 et seq.;

(8) Awarding Plaintiff her costs;

(9) Awarding Plaintiff her attorney's fees;

(10) Awarding Plaintiff prejudgment and post-judgment interest;

(11) And Granting such other relief as this Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 4th day of March, 2021

                Respectfully Submitted,

                s/ *Kofi Kudoadzi*
                Kofi Kudoadzi, # 44494 CO
                Law Offices Of Kofi Kudoadzi, LLC
                1582 S Parker Road, Suite 307
                Denver, CO 80231
                Tel: (303) 632 6207
                Fax: (720) 445 8615
                Email: Kofi@LawOkk.com
                *Attorney for Plaintiff*